## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: **Kenneth V. Arrieta,** <br> **Debtor.** | **Bankruptcy No. 09 B 12052** <br> **Chapter 7** <br> **Judge Manuel Barbosa** |

### MEMORANDUM OPINION

This matter comes before the Court on a Motion to Avoid and Remove Unsecured Second Mortgage filed by debtor Kenneth V. Arrieta ("Debtor"). For the reasons set forth herein, the Court DENIES Debtor's Motion.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2006) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceedings pursuant to 28 U.S.C. § 157(b)(2)(K) (2006).

### FACTS AND BACKGROUND

Debtor filed a voluntary Chapter 7 bankruptcy petition on April 5, 2009. Debtor filed this Motion to Avoid and Remove Unsecured Second Mortgage on April 8, 2009 and National City Bank filed a response on May 14, 2009. Debtor's Schedule A included real estate located in Aurora, IL. Schedule D included a first lien on the real estate in the amount of $414,649 to National City Mortgage. Schedule F included a second mortgage on the same real estate in the amount of $105,120 to National City Mortgage. Debtor classified this second mortgage as "wholly unsecured" because the fair market value of the real estate was $350,000, less than the amount owed on the first mortgage. (Mot. to Avoid & Remove Unsecured Second Mortgage ¶ 6.)

## DISCUSSION

The issue before the Court is whether, in a Chapter 7 case, a second mortgage which, by virtue of a large first mortgage, is wholly unsecured can be "stripped off." Because this Court finds the Supreme Court decision of Dewsnup v. Timm to be applicable, the Court holds that such a second mortgage cannot be "stripped off." 502 U.S. 410 (1992).

Although the plain language meaning of 11 U.S.C. § 506(d) (2006) would appear to permit the "stripping off" of such a second mortgage, the Supreme Court has found that interpretation to be incorrect. Dewsnup, 502 U.S. at 414–17. In Dewsnup, the Supreme Court considered a Chapter 7 debtor's attempt to "strip down" a creditor's lien on real property to its fair market value. Id. at 411–13. In deciding that the debtor could not "strip down" the lien, the Supreme Court held that § 506(d) should not be read in tandem with § 506(a) but rather with § 502 which would classify the lien as secured and fully allowed. Id. at 417.

There has been an attempt to distinguish Dewsnup from the case at bar by distinguishing "stripping off" from "stripping down."[1]  "A lien 'strip down' reduces an undersecured lien to the value of collateral, in contrast to a lien 'strip off,' which removes a wholly unsecured junior lien." Waters v. Money Store (In re Waters), 276 B.R. 879, 881 (Bankr. N.D. Ill. 2002) (permitted "strip off" of wholly unsecured second mortgage in a Chapter 13 case). Because Dewsnup dealt with "stripping down," such courts have decided that a second mortgage can be "wholly unsecured within the meaning of" § 506(d) when the first mortgage exceeds the value of the property. Howard v. Nat'l Westminster Bank (In re Howard), 184 B.R. 644, 647 (Bankr.

---

[1] Cases which have distinguished Dewsnup based on "stripping off" include: Farha v. First Am. Title Ins. (In re Farha), 246 B.R. 547, 549 (Bankr. E.D. Mich. 2000), abrogated by Talbert v. City Mortgage Servs. (In re Talbert), 344 F.3d 555, 556 (6th Cir. 2003); Zempel v. Household Fin. Corp. (In re Zempel), 244 B.R. 625, 629–30 (Bankr. W.D. Ky. 1999), abrogated by Talbert, 344 F.3d at 556; Yi v. Citibank N.A. (In re Yi), 219 B.R. 394, 397 (E.D. Va. 1998), abrogated by Ryan v. Homecomings Fin. Network, 253 F.3d 778, 779 (4th Cir. 2001); Warthen v. Smith (In re Smith), 247 B.R. 191, 194–96 (W.D. Va. 2000), aff'd, 1 Fed. Appx. 178 (4th Cir. 2001), abrogated by Ryan, 253 F.3d at 779; Howard v. Nat'l Westminster Bank (In re Howard), 184 B.R. 644, 646 (Bankr. E.D.N.Y. 1995).

E.D.N.Y. 1995). However, of all the cases which have permitted the "stripping off" of a second

mortgage, only the Howard court has not been abrogated by a later decision.

The Fourth and Sixth Circuit Courts of Appeals and the Ninth Circuit's Bankruptcy

Appellate Panel have all found Dewsnup to be dispositive of this situation.[2] Talbert v. City

Mortgage Servs. (In re Talbert), 344 F.3d 555, 556 (6th Cir. 2003); Ryan v. Homecomings Fin.

Network, 253 F.3d 778, 779 (4th Cir. 2001); Laskin v. First Nat'l Bank of Keystone (In re

Laskin), 222 B.R. 872, 875–76 (B.A.P. 9th Cir. 1998). Just as was the case in Dewsnup with

"stripping down," permitting "stripping off" would "mark a departure from the pre-Code rule

that real property liens emerge from bankruptcy unaffected." Talbert, 344 F.3d at 561.

Furthermore, allowing "stripping off" would likewise "rob the mortgagee of the bargain it struck

with the mortgagor" and "carry the risk of a 'windfall' to the debtors should the value of the

encumbered property increase by the time of the foreclosure sale." Id. In sum, Dewsnup

prevents "stripping off" as much as it prevents "stripping down." While Dewsnup may be

subject to criticism, "it remains the law of the land." Cunningham v. Homecomings Fin.

Network (In re Cunningham), 246 B.R. 241, 246 (Bankr. D. Md. 2000), aff'd 253 F.3d 778

(2001).

Cases cited by Debtor in support of this motion do not change the result as they deal with

"stripping off" in the Chapter 13 context. See Lomas Mortg. USA v. Wiese, 980 F.2d 1279,

1282 (9th Cir. 1992), cert. granted and vacated on other grounds, 508 U.S. 958 (1993); In re

---

[2] District and bankruptcy courts which have found Dewsnup to be dispositive include: Crossroads of Hillsville v.
Payne, 179 B.R. 486, 490 (W.D. Va. 1995); Webster v. Key Bank (In re Webster), 287 B.R. 703, 710 (Bankr. N.D.
Ohio 2002); Bessette v. Bank One, Mich. (In re Bessette), 269 B.R. 644, 651 (Bankr. E.D. Mich. 2001); In re
Davenport, 266 B.R. 787, 790 (Bankr. W.D. Ky. 2001); Cunningham v. Homecomings Fin. Network (In re
Cunningham), 246 B.R. 241, 242–243 (Bankr. D. Md. 2000), aff'd 253 F.3d 778 (2001); In re Fitzmaurice, 248 B.R.
356, 360–61 (Bankr. W.D. Mo. 2000); Cater, v. Am. Gen. Fin. (In re Cater), 240 B.R. 420, 424 (M.D. Ala. 1999);
Swiatek v. Pagliaro (In re Swiatek), 231 B.R. 26, 28–29 (Bankr. D. Del. 1999); In re Virello, 236 B.R. 199, 204
(Bankr. D.S.C. 1999); In re Mershman, 158 B.R. 698, 703–04 (Bankr. N.D. Ohio 1993); Wise v. Diamond Sav. &
Loan Co. (In re Wise), 151 B.R. 116, 120–21 (Bankr. N.D. Ohio 1992).

Castro, 285 B.R. 703, 708–709 (Bankr. D. Ariz. 2002); Waters, 276 B.R. at 881 n.1.

## CONCLUSION

For the foregoing reasons, the Court DENIES Debtor's Motion to Avoid and Remove Unsecured Second Mortgage. The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE:  June 22, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion has been served via First Class Mail on June 22, 2009 to:

Gary L. Shilts
23 Boulder Hill Pass
Montgomery, IL 60538

Monette Cope
180 N. LaSalle St., Suite 2400
Chicago, IL 60601

Roy Safanda, Trustee
111 East Side Drive
Geneva, IL 60134

William T. Neary
Office of the U.S. Trustee, Region 11
219 South Dearborn St., Rm. 873
Chicago, IL 60604

_Mimi Kuczynski_
Mimi Kuczynski, Judicial Secretary